IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**MALRIK CORDALE BOOSE,**
    **Petitioner,**

v.                                                     Case No. 3:07cv366/RV/MD

**WALTER A. MCNEIL,**[1]
    **Respondent.**
_____

ORDER and
<u>REPORT AND RECOMMENDATION</u>

      Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (Doc. 1).  On December 3, 2007 respondent filed a motion to dismiss the petition as unexhausted.  (Doc. 20).  Petitioner responded in opposition to the motion. (Doc. 24).  On February 22, 2008 respondent filed a supplemental motion to dismiss on the grounds that the petition is a mixed petition in that it "contains both technically exhausted and unexhausted claims."  (Doc. 29).  Petitioner has responded, urging the court to consider his petition regardless of whether his claims are exhausted.  (Doc. 31).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed.

---

[1] Walter A. McNeil succeeded James R. McDonough as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent.  Fed.R.Civ.P. 25(d)(1).

## BACKGROUND AND PROCEDURAL HISTORY

On July 13, 2007 petitioner was convicted in the Circuit Court of Okaloosa County, Florida, of possession of a firearm by a convicted felon (case number 05-CF-1923) and felony failure to appear (case number 07-CF-1393).  The convictions were pursuant to petitioner's no contest pleas.  (Doc. 20, ex. A).  An amended judgment and sentence was filed on September 18, 2007.  (*See* www.clerkofcourts.cc/, case nos. 05-CF-1934 and 07-CF-0393).

On or about July 18, 2007 petitioner moved to withdraw his pleas.  (Doc. 20, ex. C, pp. 1-8).  The motion was denied on August 1, 2007.  (*Id.*, pp. 9-51).  On or about August 24, 2007 petitioner filed an appeal of the denial order.  The First DCA assigned the appeal case number 1D07-4425.  (*Id.*, p. 52).  The appeal was dismissed on December 11, 2007 for petitioner's failure to comply with an order of the court.  (Doc. 20, exs. I, J).

On July 19, 2007 petitioner filed a direct appeal in the Florida First District Court of Appeal ("First DCA").  The appeal was assigned case number 1D07-3953.  (Doc. 20, exs. B, D; *see also* www.clerkofcourts.cc/, case no. 05-CF-1923).  The appeal was dismissed on December 31, 2007 for petitioner's failure to comply with an order of the court.  (Doc. 29, exs. G, H; *see also* www.1dca.org/, case no. 1D07-3953).

On or about August 19, 2007 petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  (Doc. 29, Ex. K, pp. 16-18 ).  The trial court dismissed the motion without prejudice on September 14, 2007 on the grounds that it lacked jurisdiction to consider it because petitioner's direct appeal was pending.  (*Id.*, pp. 22-23).

On August 19, 2007 petitioner filed a notice of appeal with the First DCA, stating that he was appealing a final order rendered June 27, 2007 which denied post-conviction relief.  (Doc. 29, Ex. K, p. 8).  The First DCA assigned the appeal case number 1D07-4384.  That appeal is still pending.  The last activity in the case is an order issued on February 12, 2008 directing petitioner to show cause why the appeal

should not be dismissed for lack of jurisdiction because a final order dated June 27, 2007 does not exist. (Ex. L).

On August 8, 2007 petitioner filed the instant federal habeas petition. (Doc. 1). He raises three grounds for relief: (1) that his Fifth Amendment rights were violated when the trial judge did not provide a new lawyer when petitioner expressed dissatisfaction with his court-appointed attorney, and instead "threatened [petitioner] to 15 years in prison if [petitioner] didn't accept the state's deal," (doc. 1, p. 4); (2) that his Fifth Amendment rights were violated because the prosecutor, Wanda Clapp, worked for his attorney at the time of petitioner's sentencing, (*id.*); and (3) that there was "no evidence" to support the state's case. (*Id.*, p. 5). Petitioner states he exhausted his state court remedies with respect to Grounds 1 and 3 by raising them in his motion to withdraw his plea. He states he has not raised Ground 2 in the state court because, "Didn't find out until after sentencing." (Doc. 1, p. 5).

## DISCUSSION

Respondent moves to dismiss the petition on the grounds that it presents a "mixed petition," in that at least one of the claims is unexhausted. (Doc. 29, pp. 4-9). In response, petitioner does not deny that his petition raises one or more unexhausted claims, or that the petition is a "mixed petition." Rather, he argues that this court should intervene and consider the petition because he is in custody in violation of the Constitution, and he cannot receive justice in the state courts. (Docs. 24, 31). For the reasons that follow, the undersigned concludes that the petition should be dismissed without prejudice.

There is no dispute, and the record establishes, that Ground 2 of the instant petition is unexhausted. Ground 2 challenges petitioner's plea on the grounds that petitioner's counsel had a conflict of interest which he failed to disclose to petitioner. In his Rule 3.850 motion, petitioner challenged his conviction on the grounds that prior to sentencing, the former prosecutor (Wanda Clapp) started

working for his attorney, and defense counsel did not notify petitioner of her involvement. (Ex. K, pp. 1-2). As set forth above, the trial court dismissed the motion without prejudice to petitioner re-filing it upon the conclusion of direct review proceedings. (*Id.*, pp. 6-7). Petitioner's direct appeal was dismissed on December 31, 2007. Thus, he has until December 31, 2009 in which to file re-file a Rule 3.850 motion.[2] To date, it does not appear petitioner has done so.

"When a federal habeas petition raises a claim that has not been exhausted in state proceedings, the district court ordinarily must either dismiss the petition, 'leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court,' *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1351 (11th Cir. 2004) (internal quotation marks omitted), or grant a stay and abeyance to allow the petitioner to exhaust the unexhausted claim, *see Rhines v. Weber*, 544 U.S. 269, 277-79, 125 S.Ct. 1528, 1535-36, 161 L.Ed.2d 440 (2005)." *Ogle v. Johnson*, 488 F.3d 1364, 1370 (11th Cir. 2007). In the instant case, the remaining claims of petitioner's federal habeas petition, Grounds 1 and 3, are either unexhausted or procedurally defaulted.[3] This circumstance, combined with the fact that several months remain on the one-year limitations period for petitioner to re-file a federal habeas petition, combined with the additional fact that the circumstances warranting a stay and

---

[2]A motion under Rule 3.850 must be filed no later than two years after the judgment and sentence become final. "[T]he judgment and sentence 'become final' for purposes of Rule 3.850 when any such direct review proceedings have concluded and jurisdiction to entertain a motion for post-conviction relief returns to the sentencing court." *Ward v. Dugger*, 508 So.2d 778, 779 (Fla. Dist. Ct. App. 1987).

[3]Respondent asserts that petitioner may challenge the voluntariness of his plea in a Rule 3.850 motion, and that the determination of whether Grounds 1 and 3 are unexhausted or procedurally defaulted depends on how the claims are construed. Specifically, to the extent Ground 1 is construed as asserting trial court error in failing to appoint new counsel, that claim should have been raised on direct appeal and is therefore procedurally defaulted. However, to the extent petitioner claims in Ground 1 that his plea was involuntary because he did not receive a new lawyer, he may be able to raise that claim in a Rule 3.850 motion. Similarly, Ground 3 concerning the alleged lack of evidence to support the state's case (or the alleged lack of a factual basis for petitioner's plea) is either procedurally defaulted or unexhausted. This court need not decide the issue at this juncture, because the fact that none of petitioner's remaining claims were properly exhausted renders the option of amendment without Ground 2 of no benefit to petitioner. (Doc. 29, p. 5 ¶ 6 and n. 3).

abeyance as outlined in *Rhines v. Weber, supra*, are not present in this case,[4] lead the undersigned to conclude that dismissal of the entire petition without prejudice will not unreasonably impair petitioner's right to obtain federal relief, and is the most appropriate way of handling this petition.

Accordingly, it is ORDERED:

The clerk shall change the docket to reflect that Walter A. McNeil has been substituted as respondent in this cause.

And it is respectfully RECOMMENDED:

1.  That respondent's supplemental motion to dismiss (doc. 29) be GRANTED.

2.  That all other pending motions be DENIED as moot.

3.  That the petition for writ of habeas corpus (doc. 1) be DISMISSED WITHOUT PREJUDICE.

4.  That the clerk be directed to close the file.

At Pensacola, Florida this 24th day of March, 2008.

/s/ *Miles Davis*
　　　MILES DAVIS
　　　UNITED STATES MAGISTRATE JUDGE


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[4]In *Rhines*, the Court held that a district court should grant a stay and abeyance if (1) the petitioner had "good cause" for failing to exhaust the claims in state court; (2) the unexhausted claims are "potentially meritorious;" and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigations tactics." *Id.*, 544 U.S. at 277-78, 125 S.Ct. at 1535. Here, the fact that petitioner does not believe he can receive justice in the state courts is not "good cause" for his failure to exhaust.

*Case No: 3:07cv366/RV/MD*